ORIGINAL

Joseph E. Addiego III, CSB No. 169522
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-3611
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
joeaddiego@dwt.com

Attorneys for Plaintiff
DAVIS WRIGHT TREMAINE LLP

E-filing

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVIS WRIGHT TREMAINE LLP, | No. C-07- CV 08-1343 JCS |
| Plaintiff, | |
| v. | **COMPLAINT FOR BREACH OF CONTRACT FOR LEGAL SERVICES, QUANTUM MERUIT, MISREPRESENTATION, COMMON COUNT** |
| DR. ABDULLAH ALANIZI, individually and as trustee for the ALANIZI TRUST and/or DOE TRUST; AL BOURAQ AVIATION, INC., a Delaware Corporation, and TRANSATLANTIC AVIATION, LTD., a British Virgin Islands corporation, | **(DEMAND FOR JURY TRIAL)** |
| Defendants. | |

Plaintiff, DAVIS WRIGHT TREMAINE LLP, for its complaint against DR. ABDULLAH ALANIZI; AL BOURAQ AVIATION, INC.; TRANSATLANTIC AVIATION, LTD.; and the ALANIZI TRUST and/or the DOE TRUST, alleges as follows:

**INTRODUCTION**

1. The law firm of DAVIS WRIGHT TREMAINE LLP ("DWT" or "Plaintiff") seeks to recover legal fees and costs incurred in defending the owner (or owners) of the vessel AURORA (the "Vessel") in litigation brought by Jack Hinshaw in the above-captioned Court (*Hinshaw v. AURORA*, Case No. C-05-0397-CW) (the "Vessel Litigation"). That case was successfully settled on the eve of trial.

2. Defendants in this case are DR. ABDULLAH ALANIZI, individually and as trustee for the ALANIZI TRUST and/or DOE TRUST; AL BOURAQ AVIATION, INC.;

COMPLAINT FOR BREACH OF CONTRACT    -1-
SFO 387002v3 0019340-000001

TRANSATLANTIC AVIATION, LTD.; the ALANIZI TRUST and/or DOE TRUST, all of which are entities owned, controlled, and/or directed by DR. ALANIZI as alter egos (collectively "Defendants"). Defendants, who own, control, and/or fund the AURORA, have, without cause, refused to pay in full Plaintiff's billed legal fees despite a favorable resolution of the case. Plaintiff seeks recovery of $186,696.98 in legal fees and $7,744.23 in advanced costs, plus related interest. In the alternative, Plaintiff seeks recovery in quantum meruit and for misrepresentation.

3. In addition, DWT seeks recovery of damages from DR. ALANIZI, because DR. ALANIZI, individually and through his agents, despite requesting assistance from DWT and agreeing to use the firm's services, misrepresented that DWT would be paid for its legal services. DR. ALANIZI has refused to pay for services for which he has arranged or contracted, claiming falsely that funds for expenses relating to the Vessel are controlled by a trust, not by him, when he alone can decide whether any such contracted-for services should be paid. In addition, when the case settled, DR. ALANIZI was the only person who authorized the payment of the settlement amount, and did so by instructing his banker, FRANCIS MENASSA of Credit-Suisse, to make the payment. Consequently, DR. ALANIZI, through his own actions or by using his representatives DAVID TATTUM and JACK ALBANESE, induced DWT to enter into the legal services agreement but DR. ALANIZI never intended to pay DWT in full for its services. DR. ALANIZI, through his representatives and with respect to entities he owns and/or controls, has unlawfully refused to pay for services rendered that benefited Defendants.

## THE PARTIES

4. Plaintiff DWT is a limited liability partnership of attorneys with offices in San Francisco, California, among other cities. The attorneys who provided services to Defendants in the litigation at issue are all licensed to practice law in the State of California and are resident in the firm's San Francisco office.

5. Defendant DR. ABDULLAH ALANIZI, on information and belief, is a Saudi Arabia national who currently resides in the United Kingdom. During the Vessel litigation at issue, DR. ALANIZI traveled to and met with James P. Walsh of DWT in San Francisco, California; attended a mediation in the case in San Francisco in 2006; and routinely gave

COMPLAINT FOR BREACH OF CONTRACT   -2-
SFO 387002v3 0019340-000001

directions about, and otherwise controlled, the conduct of the litigation by email and telephone. DR. ALANIZI was the sole person responsible for determining the course of the litigation and payments to any person in connection with the Vessel, as well as for the services of Plaintiff. DR. ALANIZI purchased the Vessel in his own name pursuant to a court decree entered in Case No. 2:04-cv-03863-NM-E (C.D. Cal.) (entered March 1, 2005). In accordance with that decree, he designated AL BOURAQ AVIATION, INC. as the entity to which title was transferred from the previous vessel owner, Dr. James Mitchell.

6. Defendant AL BOURAQ AVIATION, INC. is a Delaware corporation to which DR. ALANIZI transferred the Vessel by Bill of Sale dated February 19, 2005. Upon information and belief, AL BOURAQ AVIATION, INC. is completely controlled as an alter ego by DR. ALANIZI.

7. Defendant TRANSATLANTIC AVIATION, LTD., on information and belief, is a British Virgin Islands corporation, with its primary offices at 39 Curzon Street, London, United Kingdom. On information and belief, DR. ALANIZI owns and controls TRANSATLANTIC AVIATION, INC., and funds from that company were used to make certain payments relating to the Vessel Litigation. DR. ALANIZI's agent, DAVID TATTUM, is also associated with TRANSATLANTIC AVIATION, LTD.

8. Defendant DR. ALANIZI, on information and belief, has claimed that funding with respect to the Vessel and the Vessel Litigation, is controlled by one or more trusts, the ALANIZI TRUST or the DOE TRUST, the actual names of which are unknown, managed by a branch of Credit-Suisse Bank. Such trusts are being sued through DR. ALANIZI, as trustee.

9. Each of the Defendants is an agent and/or alter ego of the other, subject to the control and direction of DR. ALANIZI, and each jointly and collectively has exercised ownership, funding or control of the Vessel, in whole or in part.

10. Defendants, through their joint ownership and control of the Vessel, have conducted business in the State of California by purchasing the Vessel in California, hiring services and products for the Vessel, berthing the Vessel in Alameda, California, by hiring Plaintiff to assist with the Vessel Litigation, and by appearing in person to defend the Vessel

Litigation in San Francisco, California.

## JURISDICTION

11. The jurisdiction of this Court is based on diversity under 28 U.S.C. § 1332 and the matter in controversy exceeds the sum or value of $75,000.

12. Venue is proper in this district under 29 U.S.C. § 1391(e).

## INTRADISTRICT ASSIGNMENT

13. Pursuant to Local Rules 3.2(c) and 3-5, this action should be assigned to the Oakland Division because a substantial portion of the events that give rise to this claim occurred in Alameda County. This case is related to Hinshaw v. AURORA, Case No. C 05:03927-CW. An order of dismissal with prejudice was entered in that case on December 20, 2007. This case is related to that case within the meaning of Local Rule 3-12 as relating to essentially the same parties and the same property, transaction or event.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

14. Defendants' agent, JACK ALBANESE, an Atlanta, Georgia lawyer, originally contacted Plaintiff on behalf of Defendants and served as co-counsel with Plaintiff in the Vessel Litigation. MR. ALBANESE, on behalf of Defendants, gave numerous and regular assurances that Plaintiff would be paid for its services

15. On or about October 17, 2005, DAVID TATTUM, as agent for Defendants, executed a written engagement letter with Plaintiff to provide legal services in connection with the Vessel Litigation (the "Agreement"). Plaintiff provided legal services to DR. ALANIZI in the Vessel Litigation in accordance with this Agreement and his instructions, acting directly or through DAVID TATTUM and/or JACK ALBANESE. The Agreement contained the terms of engagement, including hourly rates, payment of expenses, and other provisions relevant to the provision of legal services.

16. Plaintiff sent Defendants monthly billing statements with respect to the services being provided in the Vessel Litigation.

COMPLAINT FOR BREACH OF CONTRACT   -4-
SFO 387002v3 0019340-000001

17. On or about December 5, 2006, Defendants sent to Plaintiff, by wire from the bank account for TRANSATLANTIC AVIATION, LTD. a payment of $50,000 for Plaintiff's legal services provided in the Vessel Litigation, but have refused to make further payments.

18. Plaintiff has made repeated requests, via email messages, letters and phone calls, for payment by Defendants of the amounts remaining due and owing to Plaintiff for legal services provided, but Defendants have refused and continue to refuse to pay Plaintiff.

19. Plaintiff has given Defendants written notice of their right to arbitrate any fee dispute in accordance with California Bus. & Prof. C. § 6201(a). Defendants have never responded to this notice. Plaintiff will be providing another notice under such section with the service of this Complaint.

20. In accordance with the written engagement letter, Plaintiff's services to Defendants terminated with the dismissal, with prejudice, of the Vessel Litigation.

21. Defendants have failed and refused, and continue to fail and refuse, to pay DWT the amounts owed for the legal services rendered by DWT.

## CAUSES OF ACTION

### First Cause of Action

### (Breach of Written Contract)

22. DWT refers to paragraphs 1-21 above and incorporates them herein by this reference.

23. Defendants have a duty to pay the outstanding fees for legal services rendered by DWT pursuant to the Agreement.

24. As a result of all of the aforesaid breaches by Defendants, DWT has incurred substantial losses in an amount to be proven at trial, including but not limited to, the fees and costs and out-of-pocket expenses incurred on Defendants' behalf in the Vessel Litigation that remain unpaid.

25. DWT has performed all acts required of it under the Agreement, and/or all acts required of it under the Agreement have been excused by Defendants' breaches.

26. DWT is entitled to recover all damages caused by the breach of the Agreement by Defendants, in an amount to be proven at trial.

WHEREFORE, DWT prays for judgment as set forth below.

### Second Cause of Action

### (Quantum Meruit)

27. DWT refers to paragraphs 1-26 above and incorporates them herein by this reference.

28. DWT rendered legal services to DR. ALANIZI and other Defendants in the Vessel Litigation, as set forth above.

29. Defendants requested that DWT provide legal services to Defendants in connection with the Vessel Litigation.

30. Defendants benefited from such legal services, including but not limited to DR. ALANIZI being defended in the Vessel Litigation and also having DWT obtain a favorable settlement on his behalf, in that Defendants would be unjustly enriched if Plaintiff were not compensated for said legal services.

31. Therefore, DWT is entitled to recovery of the reasonable value of the aforesaid legal services rendered.

WHEREFORE, DWT prays for judgment as set forth below.

### Third Cause of Action

### (Misrepresentation)

32. Plaintiff realleges and incorporates herein by reference, as though fully set forth, each and every allegation contained in paragraphs 1-31 of this Complaint.

33. Defendants made the representations described herein with the intent to induce DWT to act in the manner herein alleged in reliance thereon.

34. DWT, at the time these misrepresentations occurred, and at the time Defendants took the actions herein alleged and thereby entered into the Agreement, was ignorant of the existence of the facts which Defendants misrepresented. Had DWT been aware of the existence of the facts misrepresented, DWT would not have, as it did, entered into the Agreement and provided

COMPLAINT FOR BREACH OF CONTRACT   -6-
SFO 387002v3 0019340-000001

the legal services under the Agreement in reliance on the information misrepresented by Defendants.

As a direct and proximate results of Defendants' misrepresentations, DWT has been damaged in an amount to be proven at trial.

WHEREFORE, DWT prays for judgment as set forth below.

### Fourth Cause of Action

### (Common Count)

35. DWT incorporates by reference paragraphs 1 through 34 as if fully set forth herein.

36. On or about the last day of each month from January, 2007 through August, 2007 at San Francisco, California, Defendants became indebted to DWT in an amount agreed to, pursuant to that certain engagement letter, for services performed, specifically the legal representation of Defendants in the Vessel Litigation.

37. Plaintiff demanded payment from Defendants on multiple occasions, including but not limited to April 13, 2007, May 1, 2007, and several dates in December, 2007, among other dates.

38. No payment has been made by Defendants to Plaintiff, and there is now owing the sum of $194,441.21, plus interest.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered in its favor and against each Defendant as follows:

1. For damages in an amount according to proof at the time of trial;
2. For interest on such monetary damages, including but not limited to the interest charges incurred to date;
3. For costs of suit and attorneys' fees; and
4. For such other relief as the Court may deem just and proper.

///

///

///

COMPLAINT FOR BREACH OF CONTRACT    -7-
SFO 387002v3 0019340-000001

DATED: March 10, 2008

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: *[signature]*
Joseph E. Addiego III
Attorneys for Plaintiff
DAVIS WRIGHT TREMAINE LLP

COMPLAINT FOR BREACH OF CONTRACT    -8-
SFO 387002v3 0019340-000001

**DEMAND FOR JURY TRIAL**

Davis Wright Tremaine LLP demands a trial by jury on all issues so triable, as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED: March 10, 2008.

                                        Respectfully submitted,

                                        DAVIS WRIGHT TREMAINE LLP

                                        By: _____
                                                    Joseph E. Addiego III
                                                    Attorneys for Plaintiff
                                                    DAVIS WRIGHT TREMAINE LLP

JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

**I. (a) PLAINTIFFS**
DAVIS WRIGHT TREMAINE LLP

**DEFENDANTS**
DR. ABDULLAH ALANIZI, individually and as trustee for the ALANIZI TRUST and/or DOE TRUST; AL BOURAQ AVIATION, INC., a Delaware Corporation, and TRANSATLANTIC AVIATION, LTD., a British Virgin Islands corporation

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** San Francisco
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Joseph E. Addiego III, CSB No. 169522
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-3611
Telephone: (415) 276-6500

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN 'X' IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [X] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury Med Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 365 Personal Injury Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault Libel & Slander / [ ] 368 Asbestos Personal Injury Product Liability | | PROPERTY RIGHTS | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers Liability | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 640 RR & Truck | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl Veterans) | [ ] 345 Marine Product Liability / PERSONAL PROPERTY | [ ] 650 Airline Regs | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | SOCIAL SECURITY | [ ] 490 Cable/Satellite TV |
| [ ] 160 Stockholders Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 690 Other | [ ] 861 HIA (1395ff) | [ ] 810 Selective Service |
| [X] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | LABOR | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | / [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | [ ] 720 Labor/Mgmt Relations | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | [ ] 730 Labor/Mgmt Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting / [ ] 510 Motion to Vacate Sentence Habeas Corpus: | [ ] 740 Railway Labor Act | FEDERAL TAX SUITS | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (US Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing / [ ] 530 General | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare / [ ] 535 Death Penalty | | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights / [ ] 540 Mandamus & Other | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 445 Amer w/ disab - Empl / [ ] 550 Civil Rights | | | [ ] 890 Other Statutory Actions |
| | [ ] 446 Amer w/ disab - Other / [ ] 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
28 USC 1332(a)

**VII. REQUESTED IN COMPLAINT:**
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 194,441
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] YES [ ] NO

**VIII. RELATED CASE(S) IF ANY** PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE". Hinshaw v. AURORA, Case No. C-05-03927-CW

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
(PLACE AN "X" IN ONE BOX ONLY)
[X] SAN FRANCISCO/OAKLAND   [ ] SAN JOSE

DATE March 10, 2008   SIGNATURE OF ATTORNEY OF RECORD _____
Joseph E. Addiego III

NDC-JS44

JS 44 Page 2
(Rev. 11/04)

INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44
Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. (a) Plaintiffs - Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a). F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision

V. Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI. Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII. Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. Related Cases. This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases. Date and Attorney Signature.

Date and Attorney Signature. Date and sign the civil cover sheet.