# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

DAVIS WRIGHT TREMAINE LLP

# E-filing

### SUMMONS IN A CIVIL CASE

v.

 CV 08 CASE NUMBER: 1343 JCS

DR. ABDULLAH ALANIZI, individually and as trustee for the ALANIZI TRUST and/or DOE TRUST; AL BOURAQ AVIATION, INC., a Delaware Corporation, and TRANSATLANTIC AVIATION, LTD., a British Virgin Islands corporation

COMPLAINT FOR BREACH OF CONTRACT FOR LEGAL SERVICES, QUANTUM MERUIT, MISREPRESENTATION, COMMON COUNT (DEMAND FOR JURY TRIAL)

TO: (Name and address of defendant)
To the above-named Defendants

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Joseph E. Addiego III
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-3611
Telephone: (415) 276-6500
Facsimile: (415) 276-6599

an answer to the complaint which is herewith served upon you, within     20     days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Richard W. Wieking
CLERK

DATE MAR 1

MARY ANN BUCKLEY

(BY) DEPUTY CLERK

NDCAO440

Filed on behalf of the Plaintiff
Affidavit of Susan Garnett
Exhibits "SG2"
Dated

**Case No CV08 1343**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**RE:**

**DAVIS WRIGHT TREMAINE LLP**

**Plaintiff**

**v**

**DR. ABDULLAH ALANIZI, individually**
**and as trustee for the ALANIZI TRUST**
**and/or DOE TRUST; AL BOURAQ**
**AVIATION, INC., a Delaware Corporation,**
**and TRANSATLANTIC AVIATION LTD.,**
**a British Virgin Islands corporation**

**Defendants**

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-

**AFFIDAVIT OF SUSAN GARNETT**

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-

Nabarro LLP
Lacon House
84 Theobald's Road
London
WC1X 8RW

Tel:    +44 (0)20 7524 6000
Fax:    +44 (0)20 7524 6524

Filed on behalf of the Plaintiff
Affidavit of Susan Garnett
Exhibits "SG2"
Dated

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**                    Case No CV08 1343

RE:

### DAVIS WRIGHT TREMAINE LLP
                                                    **Plaintiff**

                        v

### DR. ABDULLAH ALANIZI, individually and as
### trustee for the ALANIZI TRUST and/or DOE TRUST;
### AL BOURAQ AVIATION, INC., a Delaware Corporation,
### and TRANSATLANTIC AVIATION LTD.,
### a British Virgin Islands corporation

                                                    **Defendants**

---

### AFFIDAVIT OF SUSAN GARNETT

---

I, Susan Garnett, of The Old Print Works, 59-61 High Road, North Weald, Essex, CM16 6HP, Process Server acting under the instructions of Nabarro LLP, Lacon House, 84 Theobald's Road, London, WC1X 8RW **Make Oath** and say as follows:

1.     That I did on the morning of Monday 17 March 2008 attend the registered offices of Transatlantic Aviation Limited at 39 Curzon Street, London, W1J 7TZ for the purpose of serving the company with legal documentation. However, I could not obtain a reply from the premises.

2.     After having waited for a period of 30 minutes I still could not obtain a reply from the premises. I therefore sought further instruction and at 9.35 hours (GMT) on Monday 17 March 2008, having failed to find any officer, employee or other person authorised to accept service of documents on behalf of the company, inserted a Notice of Lawsuit and Request for Waiver of Summons in a sealed envelope addressed to Transatlantic Aviation Limited and posted the envelope through the letterbox at 39 Curzon Street, London, W1J 7TZ, the registered office of the said company.

3.     A copy of the Notice of Lawsuit and Request for Waiver of Summons are exhibited hereto marked "SG2"

**SWORN at**                               )
181 HIGH STREET                            )
EPPING                                     )
                                           )
**this** 20 **day of** MARCH **2008** )   Before me,

                                    _A Solicitor empowered to Administer Oaths_

                                    LAURA CLEASBY
                                    (SOLICITOR)

**FOSKETT, MARR, GADSBY & HEAD LLP**
**181 HIGH STREET, EPPING, ESSEX**
**CM16 4BQ   DX 40401 EPPING**

**EXHIBIT 1**

Filed on behalf of the Plaintiff
Affidavit of Susan Garnett
Exhibits "SG2"
Dated

**Case No CV08 1343**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

RE:

DAVIS WRIGHT TREMAINE LLP

Plaintiff

v

**DR. ABDULLAH ALANIZI, individually
and as trustee for the ALANIZI TRUST
and/or DOE TRUST; AL BOURAQ
AVIATION, INC., a Delaware Corporation,
and TRANSATLANTIC AVIATION LTD.,
a British Virgin Islands corporation**

Defendants

------------------------------------------------

EXHIBIT OF SUSAN GARNETT

------------------------------------------------

Nabarro LLP
Lacon House
84 Theobald's Road
London
WC1X 8RW

Tel:    +44 (0)20 7524 6000
Fax:    +44 (0)20 7524 6524

EXHIBIT  1 - 1

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

DAVIS WRIGHT TREMAINE LLP

### E-filing

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:   CV 08 1343 JCS

v.

COMPLAINT FOR BREACH OF CONTRACT FOR LEGAL
SERVICES, QUANTUM MERUIT,
MISREPRESENTATION, COMMON COUNT
(DEMAND FOR JURY TRIAL)

DR. ABDULLAH ALANIZI, individually and as
trustee for the ALANIZI TRUST and/or DOE
TRUST; AL BOURAQ AVIATION, INC., a Delaware
Corporation, and TRANSATLANTIC AVIATION,
LTD., a British Virgin Islands corporation

TO: (Name and address of defendant)
To the above-named Defendants

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Joseph E. Addiego III
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-3611
Telephone: (415) 276-6500
Facsimile: (415) 276-6599

an answer to the complaint which is herewith served upon you, within    20    days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the
complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Richard W. Wieking
CLERK

DATE _____

MARY ANN BUCKLEY

(BY) DEPUTY CLERK

EXHIBIT 1-2    NDCAO440

AO 440 (Rev. 8/01)  Summons in a Civil Action

## RETURN OF SERVICE

|  | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | |

| Name of SERVER | TITLE |
|---|---|
| | |

*Check one box below to indicate appropriate method of service*

☐  Served Personally upon the Defendant.  Place where served: _____

_____

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

☐  Returned unexecuted:


☐  Other *(specify):*



## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.


Executed on  _____        _____
                      *Date*                                           *Signature of Server*



                                                        _____
                                                                    *Address of Server*



EXHIBIT 1-3

(1)   As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

COPY

Joseph E. Addiego III, CSB No. 169522
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-3611
Telephone:  (415) 276-6500
Facsimile:  (415) 276-6599
joeaddiego@dwt.com

Attorneys for Plaintiff
DAVIS WRIGHT TREMAINE LLP    E-filing

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CV 08    1943

DAVIS WRIGHT TREMAINE LLP,

        Plaintiff,

  v.

DR. ABDULLAH ALANIZI, individually
and as trustee for the ALANIZI TRUST
and/or DOE TRUST; AL BOURAQ
AVIATION, INC., a Delaware Corporation,
and TRANSATLANTIC AVIATION, LTD.,
a British Virgin Islands corporation,

        Defendants.

No. C-0

**COMPLAINT FOR BREACH OF
CONTRACT FOR LEGAL SERVICES,
QUANTUM MERUIT,
MISREPRESENTATION, COMMON
COUNT**

**(DEMAND FOR JURY TRIAL)**

Plaintiff, DAVIS WRIGHT TREMAINE LLP, for its complaint against DR. ABDULLAH

ALANIZI; AL BOURAQ AVIATION, INC.; TRANSATLANTIC AVIATION, LTD.; and the

ALANIZI TRUST and/or the DOE TRUST, alleges as follows:

## INTRODUCTION

    1.    The law firm of DAVIS WRIGHT TREMAINE LLP ("DWT" or "Plaintiff") seeks

to recover legal fees and costs incurred in defending the owner (or owners) of the vessel

AURORA (the "Vessel") in litigation brought by Jack Hinshaw in the above-captioned Court

(*Hinshaw v. AURORA*, Case No. C-05-0397-CW) (the "Vessel Litigation").  That case was

successfully settled on the eve of trial.

    2.    Defendants in this case are DR. ABDULLAH ALANIZI, individually and as

trustee for the ALANIZI TRUST and/or DOE TRUST; AL BOURAQ AVIATION, INC.;

EXHIBIT 1-4

1  TRANSATLANTIC AVIATION, LTD.; the ALANIZI TRUST and/or DOE TRUST, all of which

2  are entities owned, controlled, and/or directed by DR. ALANIZI as alter egos (collectively

3  "Defendants"). Defendants, who own, control, and/or fund the AURORA, have, without cause,

4  refused to pay in full Plaintiff's billed legal fees despite a favorable resolution of the case.

5  Plaintiff seeks recovery of $186,696.98 in legal fees and $7,744.23 in advanced costs, plus related

6  interest. In the alternative, Plaintiff seeks recovery in quantum meruit and for misrepresentation.

7       3.      In addition, DWT seeks recovery of damages from DR. ALANIZI, because DR.

8  ALANIZI, individually and through his agents, despite requesting assistance from DWT and

9  agreeing to use the firm's services, misrepresented that DWT would be paid for its legal services.

10  DR. ALANIZI has refused to pay for services for which he has arranged or contracted, claiming

11  falsely that funds for expenses relating to the Vessel are controlled by a trust, not by him, when he

12  alone can decide whether any such contracted-for services should be paid. In addition, when the

13  case settled, DR. ALANIZI was the only person who authorized the payment of the settlement

14  amount, and did so by instructing his banker, FRANCIS MENASSA of Credit-Suisse, to make the

15  payment. Consequently, DR. ALANIZI, through his own actions or by using his representatives

16  DAVID TATTUM and JACK ALBANESE, induced DWT to enter into the legal services

17  agreement but DR. ALANIZI never intended to pay DWT in full for its services. DR. ALANIZI,

18  through his representatives and with respect to entities he owns and/or controls, has unlawfully

19  refused to pay for services rendered that benefited Defendants.

20                                THE PARTIES

21       4.      Plaintiff DWT is a limited liability partnership of attorneys with offices in San

22  Francisco, California, among other cities. The attorneys who provided services to Defendants in

23  the litigation at issue are all licensed to practice law in the State of California and are resident in

24  the firm's San Francisco office.

25       5.      Defendant DR. ABDULLAH ALANIZI, on information and belief, is a Saudi

26  Arabia national who currently resides in the United Kingdom. During the Vessel litigation at

27  issue, DR. ALANIZI traveled to and met with James P. Walsh of DWT in San Francisco,

28  California; attended a mediation in the case in San Francisco in 2006; and routinely gave

DAVIS WRIGHT TREMAINE LLP

EXHIBIT 1-5

1  directions about, and otherwise controlled, the conduct of the litigation by email and telephone.
2  DR. ALANIZI was the sole person responsible for determining the course of the litigation and
3  payments to any person in connection with the Vessel, as well as for the services of Plaintiff. DR.
4  ALANIZI purchased the Vessel in his own name pursuant to a court decree entered in Case No.
5  2:04-cv-03863-NM-E (C.D. Cal.) (entered March 1, 2005). In accordance with that decree, he
6  designated AL BOURAQ AVIATION, INC. as the entity to which title was transferred from the
7  previous vessel owner, Dr. James Mitchell.

8       6.      Defendant AL BOURAQ AVIATION, INC. is a Delaware corporation to which
9  DR. ALANIZI transferred the Vessel by Bill of Sale dated February 19, 2005. Upon information
10  and belief, AL BOURAQ AVIATION, INC. is completely controlled as an alter ego by DR.
11  ALANIZI.

12      7.      Defendant TRANSATLANTIC AVIATION, LTD., on information and belief, is a
13  British Virgin Islands corporation, with its primary offices at 39 Curzon Street, London, United
14  Kingdom. On information and belief, DR. ALANIZI owns and controls TRANSATLANTIC
15  AVIATION, INC., and funds from that company were used to make certain payments relating to
16  the Vessel Litigation. DR. ALANIZI's agent, DAVID TATTUM, is also associated with
17  TRANSATLANTIC AVIATION, LTD.

18      8.      Defendant DR. ALANIZI, on information and belief, has claimed that funding with
19  respect to the Vessel and the Vessel Litigation, is controlled by one or more trusts, the ALANIZI
20  TRUST or the DOE TRUST, the actual names of which are unknown, managed by a branch of
21  Credit-Suisse Bank. Such trusts are being sued through DR. ALANIZI, as trustee.

22      9.      Each of the Defendants is an agent and/or alter ego of the other, subject to the
23  control and direction of DR. ALANIZI, and each jointly and collectively has exercised ownership,
24  funding or control of the Vessel, in whole or in part.

25      10.     Defendants, through their joint ownership and control of the Vessel, have
26  conducted business in the State of California by purchasing the Vessel in California, hiring
27  services and products for the Vessel, berthing the Vessel in Alameda, California, by hiring
28  Plaintiff to assist with the Vessel Litigation, and by appearing in person to defend the Vessel

DAVIS WRIGHT TREMAINE LLP

EXHIBIT 1 - 6

1  Litigation in San Francisco, California.

2  **JURISDICTION**

3      11.    The jurisdiction of this Court is based on diversity under 28 U.S.C. § 1332 and the
4  matter in controversy exceeds the sum or value of $75,000.

5      12.    Venue is proper in this district under 29 U.S.C. § 1391(e).

6  **INTRADISTRICT ASSIGNMENT**

7      13.    Pursuant to Local Rules 3.2(c) and 3-5, this action should be assigned to the
8  Oakland Division because a substantial portion of the events that give rise to this claim occurred
9  in Alameda County.  This case is  related to Hinshaw v. AURORA, Case No. C 05:03927-CW.
10  An order of dismissal with prejudice was entered in that case on December 20, 2007.  This case is
11  related to that case within the meaning of Local Rule 3-12 as relating to essentially the same
12  parties and the same property, transaction or event.

13  **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

14      14.    Defendants' agent, JACK ALBANESE, an Atlanta, Georgia lawyer, originally
15  contacted Plaintiff on behalf of Defendants and served as co-counsel with Plaintiff in the Vessel
16  Litigation.  MR. ALBANESE, on behalf of Defendants, gave numerous and regular assurances
17  that Plaintiff would be paid for its services

18      15.    On or about October 17, 2005, DAVID TATTUM, as agent for Defendants,
19  executed a written engagement letter with Plaintiff to provide legal services in connection with the
20  Vessel Litigation (the "Agreement").  Plaintiff provided legal services to DR. ALANIZI in the
21  Vessel Litigation in accordance with this Agreement and his instructions, acting directly or
22  through DAVID TATTUM and/or JACK ALBANESE.  The Agreement contained the terms of
23  engagement, including hourly rates, payment of expenses, and other provisions relevant to the
24  provision of legal services.

25      16.    Plaintiff sent Defendants monthly billing statements with respect to the services
26  being provided in the Vessel Litigation.

27

28

EXHIBIT 1-7

1      17.    On or about December 5, 2006, Defendants sent to Plaintiff, by wire from the bank

2    account for TRANSATLANTIC AVIATION, LTD. a payment of $50,000 for Plaintiff's legal

3    services provided in the Vessel Litigation, but have refused to make further payments.

4      18.    Plaintiff has made repeated requests, via email messages, letters and phone calls,

5    for payment by Defendants of the amounts remaining due and owing to Plaintiff for legal services

6    provided, but Defendants have refused and continue to refuse to pay Plaintiff.

7      19.    Plaintiff has given Defendants written notice of their right to arbitrate any fee

8    dispute in accordance with California Bus. & Prof. C. § 6201(a).  Defendants have never

9    responded to this notice.  Plaintiff will be providing another notice under such section with the

10    service of this Complaint.

11      20.    In accordance with the written engagement letter, Plaintiff's services to Defendants

12    terminated with the dismissal, with prejudice, of the Vessel Litigation.

13      21.    Defendants have failed and refused, and continue to fail and refuse, to pay DWT

14    the amounts owed for the legal services rendered by DWT.

### CAUSES OF ACTION

#### First Cause of Action

#### (Breach of Written Contract)

18      22.    DWT refers to paragraphs 1-21 above and incorporates them herein by this

19    reference.

20      23.    Defendants have a duty to pay the outstanding fees for legal services rendered by

21    DWT pursuant to the Agreement.

22      24.    As a result of all of the aforesaid breaches by Defendants, DWT has incurred

23    substantial losses in an amount to be proven at trial, including but not limited to, the fees and costs

24    and out-of-pocket expenses incurred on Defendants' behalf in the Vessel Litigation that remain

25    unpaid.

26      25.    DWT has performed all acts required of it under the Agreement, and/or all acts

27    required of it under the Agreement have been excused by Defendants' breaches.

28

DAVIS WRIGHT TREMAINE LLP

26.    DWT is entitled to recover all damages caused by the breach of the Agreement by Defendants, in an amount to be proven at trial.

WHEREFORE, DWT prays for judgment as set forth below.

### Second Cause of Action

### (Quantum Meruit)

27.    DWT refers to paragraphs 1-26 above and incorporates them herein by this reference.

28.    DWT rendered legal services to DR. ALANIZI and other Defendants in the Vessel Litigation, as set forth above.

29.    Defendants requested that DWT provide legal services to Defendants in connection with the Vessel Litigation.

30.    Defendants benefited from such legal services, including but not limited to DR. ALANIZI being defended in the Vessel Litigation and also having DWT obtain a favorable settlement on his behalf, in that Defendants would be unjustly enriched if Plaintiff were not compensated for said legal services.

31.    Therefore, DWT is entitled to recovery of the reasonable value of the aforesaid legal services rendered.

WHEREFORE, DWT prays for judgment as set forth below.

### Third Cause of Action

### (Misrepresentation)

32.    Plaintiff realleges and incorporates herein by reference, as though fully set forth, each and every allegation contained in paragraphs 1-31 of this Complaint.

33.    Defendants made the representations described herein with the intent to induce DWT to act in the manner herein alleged in reliance thereon.

34.    DWT, at the time these misrepresentations occurred, and at the time Defendants took the actions herein alleged and thereby entered into the Agreement, was ignorant of the existence of the facts which Defendants misrepresented. Had DWT been aware of the existence of the facts misrepresented, DWT would not have, as it did, entered into the Agreement and provided

DAVIS WRIGHT TREMAINE LLP

EXHIBIT 1-9

1  the legal services under the Agreement in reliance on the information misrepresented by
2  Defendants.

3      As a direct and proximate results of Defendants' misrepresentations, DWT has been
4  damaged in an amount to be proven at trial.

5      WHEREFORE, DWT prays for judgment as set forth below.

6                          **Fourth Cause of Action**

7                              **(Common Count)**

8      35.    DWT incorporates by reference paragraphs 1 through 34 as if fully set forth herein.

9      36.    On or about the last day of each month from January, 2007 through August, 2007 at
10  San Francisco, California, Defendants became indebted to DWT in an amount agreed to, pursuant
11  to that certain engagement letter, for services performed, specifically the legal representation of
12  Defendants in the Vessel Litigation.

13      37.    Plaintiff demanded payment from Defendants on multiple occasions, including but
14  not limited to April 13, 2007, May 1, 2007, and several dates in December, 2007, among other
15  dates.

16      38.    No payment has been made by Defendants to Plaintiff, and there is now owing the
17  sum of $194,441.21, plus interest.

18                          **PRAYER FOR RELIEF**

19      WHEREFORE, Plaintiff prays that judgment be entered in its favor and against each
20  Defendant as follows:

21      1.    For damages in an amount according to proof at the time of trial;

22      2.    For interest on such monetary damages, including but not limited to the interest
23  charges incurred to date;

24      3.    For costs of suit and attorneys' fees; and

25      4.    For such other relief as the Court may deem just and proper.

26  / / /

27  / / /

28  / / /

DAVIS WRIGHT TREMAINE LLP

EXHIBIT 1 - 10

1   DATED: March 10, 2008

2                                          Respectfully submitted,

3                                          DAVIS WRIGHT TREMAINE LLP

4

5                                   By:    _Joseph E. Addiego III_

6                                          Joseph E. Addiego III
                                           Attorneys for Plaintiff
7                                          DAVIS WRIGHT TREMAINE LLP

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DAVIS WRIGHT TREMAINE LLP

EXHIBIT 1 - 11

1
## DEMAND FOR JURY TRIAL

2       Davis Wright Tremaine LLP demands a trial by jury on all issues so triable, as provided by

3  Rule 38(a) of the Federal Rules of Civil Procedure.

4       DATED: March 10, 2008.

5

6                                            Respectfully submitted,

7                                            DAVIS WRIGHT TREMAINE LLP

8

9                                            By: _____
                                                 Joseph E. Addiego III
10                                               Attorneys for Plaintiff
                                                 DAVIS WRIGHT TREMAINE LLP

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DAVIS WRIGHT TREMAINE LLP

COMPLAINT FOR BREACH OF CONTRACT    -9-
SFO 387002v3 0019340-000001

EXHIBIT 1-12

COPY

1   Joseph E. Addiego III, CSB No. 169522
2   DAVIS WRIGHT TREMAINE LLP
    505 Montgomery Street, Suite 800
3   San Francisco, California 94111-3611
    Telephone: (415) 276-6500
4   Facsimile:  (415) 276-6599
    joeaddiego@dwt.com
5
    Attorneys for Plaintiff
6   DAVIS WRIGHT TREMAINE LLP

7

8                  UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10  DAVIS WRIGHT TREMAINE LLP,          )   No. C 07-
                                        )
11             Plaintiff,               )
                                        )   **CERTIFICATION OF INTERESTED**
12      v.                              )   **ENTITIES OR PERSONS**
                                        )
13  DR. ABDULLAH ALANIZI, individually  )
    and as trustee for the ALANIZI TRUST)
14  and/or DOE TRUST; AL BOURAQ         )
    AVIATION, INC., a Delaware Corporation,)
15  and TRANSATLANTIC AVIATION, LTD.,   )
    a British Virgin Islands corporation,)
16                                      )
                                        )
17             Defendants.              )

18          Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the

19  named parties, there is no such interest to report

20  DATED:  March 10, 2008

21
                          Respectfully submitted,
22
                          DAVIS WRIGHT TREMAINE LLP
23

24
                          By: _____
25                            Joseph E. Addiego III
                              Attorneys for Plaintiff
26                            DAVIS WRIGHT TREMAINE LLP

27

28

CERTIFICATION OF INTERESTED ENTITIES        -1-
SFO 404483v1 0019340-000001

E-filing

JCS

EXHIBIT 1 - 13

COPY

1  Joseph E. Addiego III, CSB No. 169522
2  DAVIS WRIGHT TREMAINE LLP
   505 Montgomery Street, Suite 800
3  San Francisco, California 94111-3611
   Telephone: (415) 276-6500
4  Facsimile:  (415) 276-6599            E-filing
   joeaddiego@dwt.com
5
   Attorneys for Plaintiff
6  DAVIS WRIGHT TREMAINE LLP
7
8              UNITED STATES DISTRICT COURT
9         FOR THE NORTHERN DISTRICT OF CALIFORNIA
10 DAVIS WRIGHT TREMAINE LLP,     CV)  No. C 07-
                                  CV) 08     1343
11              Plaintiff,            )
                                     )   NOTICE OF RELATED CASES
12       v.                          )
                                     )
13 DR. ABDULLAH ALANIZI, individually )
   and as trustee for the ALANIZI TRUST )
14 and/or DOE TRUST; AL BOURAQ         )
   AVIATION, INC., a Delaware Corporation, )
15 and TRANSATLANTIC AVIATION, LTD., )
   a British Virgin Islands corporation,  )
16                                   )
                                     )
17              Defendants.          )

18        Pursuant to Local Rules 3.2(c) and 3-5, this action should be assigned to the Oakland
19 Division because a substantial portion of the events that give rise to this claim occurred in
20 Alameda County.  This case is related to *Hinshaw v. AURORA*, Case No. C 05:03927-CW.  An
21 order of dismissal with prejudice was entered in that case on December 20, 2007.  This case is
22 related to that case within the meaning of Local Rule 3-12 as relating to essentially the same
23 parties and the same property, transaction or event.
24 DATED: March 10, 2008

                                Respectfully submitted,
25
                                DAVIS WRIGHT TREMAINE LLP
26
27                              By: _____
                                    Joseph E. Addiego III
28                                  Attorneys for Plaintiff
                                    DAVIS WRIGHT TREMAINE LLP

NOTICE OF RELATED CASES          -1-
SFO 404486v1 0019340-000001

EXHIBIT 1-14

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# E-filing

DAVIS WRIGHT TREMAINE,

    Plaintiff(s),

  v.

ABDULLAH ALANIZI,
    Defendant(s).

No. C 08-01343 JCS

**ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES**

   IT IS HEREBY ORDERED that this action is assigned to the Honorable Joseph C. Spero.
When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all
other parties a copy of this order , the Notice of Assignment of Case to a United States
Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Counsel must
comply with the case schedule listed below unless the Court otherwise orders.

   IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution
(ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize
themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern
District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov. A limited
number of printed copies are available from the Clerk's Office for parties in cases not subject to the
court's Electronic Case Filing program (ECF).

## CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|------|-------|----------------|
| 3/10/2008 | Complaint filed | |
| 5/23/2008 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil L.R. 16-8 |
| 6/6/2008 | *Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1) Civil L.R. 16-9 |
| 6/13/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Ctrm A, 15th Floor, SF at 1:30 PM | Civil L.R. 16-10 |

\* If the Initial Case Management Conference is continued, the other deadlines are continued
accordingly.

EXHIBIT 1-15

## STANDING ORDER

1.      Civil Law and Motion is heard on Fridays, at 9:30 a.m.  Criminal Law and Motion is heard on Fridays, at 10:30 a.m.  Counsel need not reserve a hearing date in advance for civil motions.  However, noticed dates may be reset as the Court's calendar requires.

2.      Case Management and Pretrial Conferences are heard on Fridays, at 1:30 p.m. Case Management Conferences will no longer be recorded, unless requested by the parties.

3.      In cases that are randomly assigned to Judge Spero for all purposes, a Consent to Proceed before a U.S. Magistrate Judge and a Declination to Proceed Before a Magistrate Judge And Request For Reassignment to a United States District Judge Forms will be mailed to all parties.  The parties are requested, within two weeks from receipt of the form, to complete and file the form indicating their consent or request for reassignment to a District Judge.

4.      Parties with questions regarding scheduling of settlement conferences should contact Judge Spero's secretary, Mary Ann Macudzinski-Gomez, at (415) 522-3691.  All other scheduling questions should be addressed to Judge Spero's courtroom deputy, Karen Hom, at (415) 522-2035.

5.      In lieu of filing formal discovery motions, lead trial counsel for Plaintiff(s) and lead trial counsel for Defendant(s) shall meet and confer **in person** regarding the subject matter of the Motion(s) in an effort to resolve these matters.  After attempting other means to confer on the issue (i.e. letter, phone call, e-mail) any party may demand such a meeting on ten (10) business days' notice.  The location of the meeting will alternate with the first location selected by counsel for Plaintiff, the second by counsel for Defendant, etc.  Within five (5) business days of the lead trial counsels' meet-and-confer session, the parties shall provide a detailed Joint Letter to the Court.  This Joint Letter shall include a description of every issue in dispute and,

EXHIBIT 1-16

1   with respect to each such issue, a detailed summary of each party's final substantive position

2   and their final proposed compromise on each issue.  Upon receipt of the Joint Letter the Court

3   will determine what future proceedings are necessary.

4

5      6.    In all "e-filing" cases, when filing papers in connection with any motion for

6   determination by a judge, the parties shall, in addition to filing papers electronically, lodge with

7   chambers a printed copy of the papers by the close of the next court day following the day the

8   papers are filed electronically.  **These printed copies shall be marked "Chambers Copy" and**

9   **shall be submitted directly to Magistrate Judge Spero's chambers in an envelope clearly**

10  **marked with the judge's name, case number and "E-Filing Chambers Copy."  Parties**

11  **shall not file a paper copy of any document with the Clerk's Office that has already been**

12  **filed electronically.**

13

14     7.    Any proposed stipulation or proposed order in a case subject to electronic filing

15  shall be sent by email to **jcspo@cand.uscourts.gov.**  This address is to be used only for

16  proposed orders unless otherwise directed by the Court.

17         IT IS SO ORDERED.

18

19  Dated: May 29, 2007

20

21         JOSEPH C. SPERO
           United States Magistrate Judge

22

23

24

25

26

27

28

EXHIBIT I-17

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

## NOTICE OF RULE DISCONTINUING SERVICE BY MAIL

This is an E-filing case. Pursuant to Local Rule, the Court will no longer serve any counsel by mail. If counsel wish to be served with documents generated by the Court, they must register for E-filing pursuant to Local Rule 5-4 and General Order 45.

IT IS SO ORDERED.

Dated: May 30, 2003

JOSEPH C. SPERO
United States Magistrate Judge

EXHIBIT 1-18

# STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. <u>Jurisdiction and Service</u>: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. <u>Facts</u>: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. <u>Legal Issues</u>: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. <u>Motions</u>: All prior and pending motions, their current status, and any anticipated motions.

5. <u>Amendment of Pleadings</u>: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. <u>Evidence Preservation</u>: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7. <u>Disclosures</u>: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8. <u>Discovery</u>: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9. <u>Class Actions</u>: If a class action, a proposal for how and when the class will be certified.

10. <u>Related Cases</u>: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. <u>Relief</u>: All relief sought through complaint or counterclaim, including the amount of any

EXHIBIT 1 - 19

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.     Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.     Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.     Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.     Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.     Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.     Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.     Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.     Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.     Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

EXHIBIT 1-20

*JCS*

# E-filing

 CV 08      1343

## U.S. District Court Northern California

## ECF Registration Information Handout

The case you are participating in has been designated for this court's Electronic Case Filing (ECF) Program, pursuant to Civil Local Rule 5-4 and General Order 45. This means that you **must** (check off the boxes ☑ when done):

☐ **1) Serve** this ECF Registration Information Handout on **all** parties in the case along with the complaint, or for removals, the removal notice. DO NOT serve the efiler application form, just this handout.

Each attorney representing a party must also:

☐ **2) Register** to become an efiler by filling out the efiler application form. Follow ALL the instructions on the form carefully. If you are already registered in this district, do not register again, your registration is valid for life on all ECF cases in this district.

☐ **3) Email** (do not efile) the complaint and, for removals, the removal notice and all attachments, in PDF format within ten business days, following the instructions below. You do not need to wait for your registration to be completed to email the court.

☐ **4)** Access dockets and documents using **PACER** (Public Access to Court Electronic Records). If your firm already has a PACER account, please use that - it is not necessary to have an individual account. PACER registration is free. If you need to establish or check on an account, visit: **http://pacer.psc.uscourts.gov** or call **(800) 676-6856**.

BY SIGNING AND SUBMITTING TO THE COURT A REQUEST FOR AN ECF USER ID AND PASSWORD, YOU CONSENT TO ENTRY OF YOUR E-MAIL ADDRESS INTO THE COURT'S ELECTRONIC SERVICE REGISTRY FOR ELECTRONIC SERVICE ON YOU OF ALL E-FILED PAPERS, PURSUANT TO RULES 77 and 5(b)(2)(D) (eff. 12.1.01) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

**All subsequent papers submitted by attorneys in this case shall be filed electronically. Unrepresented litigants must file and serve in paper form, unless prior leave to file electronically is obtained from the assigned judge.**

ECF registration forms, interactive tutorials and complete instructions for efiling may be found on the ECF website: **http://ecf.cand.uscourts.gov**

EXHIBIT  1-2

Version 5/14/2007

## Submitting Initiating Documents

PDF versions of all the initiating documents originally submitted to the court (Complaint or Notice of Removal, exhibits, etc.) must be **emailed (not efiled)** to the **PDF email box for the presiding judge** (not the referring judge, if there is one) **within 10 (ten) business days** of the opening of your case. For a complete list of the email addresses, please go to: **http://ecf.cand.uscourts.gov** and click on **[Judges]**.

You must include the case number and judge's initials in the <u>subject line</u> of all relevant emails to the court. You do not need to wait for your registration to email these documents.

These documents must be emailed instead of e-filed to prevent duplicate entries in the ECF system. All other documents must be e-filed from then on. You do not need to efile or email the Civil Cover Sheet, Summons, or any documents issued by the court at case opening; note that you do need to efile the Summons Returned.

## Converting Documents to PDF

Conversion of a word processing document to a PDF file is required before any documents may be submitted to the Court's electronic filing system. Instructions for creating PDF files can be found at the ECF web site: **http://ecf.cand.uscourts.gov**, and click on **[FAQ]**.

**Email Guidelines:** When sending an email to the court, the subject line of the email **must** contain the **case number, judge's initials** and the **type of document(s)** you are sending, and/or the topic of the email.

**Examples:** The examples below assume your case number is 03-09999 before the Honorable Charles R. Breyer:

| Type of Document | Email Subject Line Text |
|---|---|
| Complaint Only | 03-09999 CRB Complaint |
| Complaint and Notice of Related Case | 03-09999 CRB Complaint, Related Case |
| Complaint and Motion for Temporary Restraining Order | 03-09999 CRB Complaint, TRO |

EXHIBIT 1-22

**Questions**
Almost all questions can be answered in our **FAQ**s at
**http://ecf.cand.uscourts.gov**, please check them first.

You may also email the ECF Help Desk at ECFhelpdesk@cand.uscourts.gov or
call the toll-free ECF Help Desk number at: (866) 638-7829.

The ECF Help Desk is staffed Mondays through Fridays from
9:00am to 4:00pm Pacific time, excluding court holidays.

EXHIBIT 1-23

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

# NOTICE OF ASSIGNMENT OF CASE
# TO A UNITED STATES MAGISTRATE JUDGE FOR TRIAL

Pursuant to General Order 44, the Assignment Plan of the United States District Court for the Northern District of California, this case has been randomly assigned to Magistrate Judge

## JOSEPH C. SPERO

Pursuant to Title 28 U.S.C. § 636(c), with written consent of all parties, a magistrate judge may conduct all proceedings in the case. Attached is a form to complete if you consent to proceed before the assigned magistrate judge and a form to complete if you decline to proceed before the assigned magistrate judge. Electronic versions of both forms are also available at the Court's Internet site: http://www.cand.uscourts.gov. Click on Forms-Civil. A party is free to withhold consent without adverse consequences. If a party declines to consent, the case will be randomly reassigned to a district judge and a case management conference will be scheduled on the district judge's calendar as close as possible to the date presently scheduled before the magistrate judge.

You must file your consent or declination by the deadline for filing the initial case management statement.

The plaintiff or removing party shall serve a copy of this notice and all attachments upon all other parties to this action pursuant to Federal Rules of Civil Procedure 4 and 5.

FOR THE COURT
RICHARD W. WIEKING, CLERK


By: Deputy Clerk

EXHIBIT  1-24    MARY ANN BUCKLEY

Mag Assgn/tr 2.03.wpd

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

No. C

Plaintiff(s),

**CONSENT TO PROCEED BEFORE A**
**UNITED STATES MAGISTRATE JUDGE**

v.

Defendant(s).

CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of Title 28, U.S.C. Section 636(c), the undersigned party hereby voluntarily consents to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and order the entry of a final judgment. Appeal from the judgment shall be taken directly to the United States Court of Appeals for the Ninth Circuit.

Dated: _____

_____
Signature

Counsel for _____
(Plaintiff, Defendant or indicate "pro se")

EXHIBIT 1-25

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Plaintiff(s),

v.

Defendant(s).

No. C

**DECLINATION TO PROCEED BEFORE
A MAGISTRATE JUDGE
AND
REQUEST FOR REASSIGNMENT TO A
UNITED STATES DISTRICT JUDGE**

REQUEST FOR REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE

The undersigned party hereby declines to consent to the assignment of this case to a United

States Magistrate Judge for trial and disposition and hereby requests the reassignment of this case to

a United States District Judge.

Dated: _____              Signature_____

                                            Counsel for _____
                                            (Plaintiff, Defendant, or indicate "pro se:")

EXHIBIT 1-26

# WELCOME TO THE U.S. DISTRICT COURT, SAN FRANCISCO
## OFFICE HOURS:   9:00 A.M. TO 4:00 P.M.
### 415.522.2000
www.cand.uscourts.gov

**In Addition to the Local Rules, the Following Guidelines Have Been Provided to Ensure That the Filing Process Is Accomplished with Ease and Accuracy.  For Additional Information or Assistance, Please Call the above Number During Office Hours.**

1.    Documents are to be filed in the Clerk's Office at the location of the chambers of the judge to whom the action has been assigned.  We do not accept filings for cases assigned to judges or magistrate judges in the Oakland or San Jose division, per Civil L.R. 3-2(b).

2.    This office will retain the original plus one copy of most documents submitted. We will conform as many copies as you bring for your use.  Related cases require an extra copy for **each** related action designated.

3.    The copy retained goes directly to the assigned Judge.  Courtesy copies, or instructions for couriers to deliver a copy directly to chambers are inappropriate, unless you have been instructed to do so by court order.

4.    In order to facilitate the file stamping process, each original document should be submitted on top of its copies.  In other words, group like documents together--as opposed to a set of originals and separate sets of copies.

5.    The case number must indicate whether it is a civil or criminal matter by the inclusion of **C** or **CR** at the beginning of the number.  Miscellaneous and foreign judgment matters should also be indicated with initials **MISC** or **FJ** at the end of the case number.

6.    The case number must include the initials of the judge and/or magistrate judge followed by the letters designating the case Arbitration **(ARB)**, Early Neutral Evaluation **(ENE)** or Mediation **(MED)**--if assigned to one of those programs.

7.    The document caption should include the appropriate judge or magistrate judge involved in a particular matter or before whom an appearance is being made.  This is especially important when submitting Settlement Conference Statements.

8.    Documents are to be stapled or acco-fastened at the top.  Backings, bindings and covers are not required.  Two holes punched at the top of the original document will facilitate processing.

9.    Appropriately sized, stamped, self-addressed return envelopes are to be included with proposed orders or when filing documents by mail.

EXHIBIT 1-27

10.    Proofs of service should be attached to the back of documents. If submitted
       separately, you must attach a pleading page to the front of the document showing
       case number and case caption.

11.    There are no filing fees once a case has been opened.

12.    New cases must be accompanied by a completed and signed Civil Cover Sheet, the
       filing fee or fee waiver request form and an original plus **two** copies of the
       complaint and any other documents. For Intellectual Property cases, please
       provide an original plus **three** copies of the underlined complaint. Please present new cases
       for filing before 3:30 p.m., as they take a considerable amount of time to process.

13.    Copies of forms may be obtained at no charge. They may be picked up in person
       from the Clerk's Office forms cabinet or with a written request accompanied by an
       appropriate sized, stamped, self-addressed envelope for return. In addition, copies
       of the Local Rules may be obtained, free of charge, in the Clerk's Office or by
       sending a written request, along with a self-addressed, 10" x 14" return envelope,
       stamped with **$ 3.95** postage to: Clerk, U.S. District Court, 450 Golden Gate
       Avenue, 16th Floor, San Francisco, CA 94102.

14.    Two computer terminals which allow public access to case dockets and one
       terminal with information regarding files at the Federal Records Center (FRC) are
       located in the reception area of the Clerk's Office. Written instructions are posted
       by the terminals. Outside of the Clerk's Office, electronic access to dockets is
       available through PACER. To obtain information or to register call 1-800-676-
       6851.

15.    A file viewing room is located adjacent to the reception area. Files may be viewed
       in this area after signing the log sheet and presenting identification. Files are to be
       returned by **1:00 pm** Under no circumstances are files to be removed from the
       viewing room.

16.    The Clerk's Office can only accept payment by **exact change or check** made
       payable to Clerk, U.S. District Court. No change can be made for fees or the
       public copy machine.

17.    Two pay copy machines are located in the file viewing room for public use, at
       fifteen cents ($.15) per page. Copy cards may be purchases at the snack bar on the
       first floor. Orders for copywork may be placed through Eddie's Document
       Retrieval by phoning 415-317-5556. Arrangements may be made to bring in a
       personal copier by calling the Clerk's Office in advance.

18.    We have a drop box for filing when the Clerk's Office is closed. Please see
       attached for availability and instructions.

EXHIBIT 1-28

| | | | |
|---|---|---|---|
| San Francisco | 16th Floor | building closed between 6PM and 6AM | more info 415-522-2000 |
| San Jose | 2nd Floor | building closed between 5PM and 7:30AM | more info 408-535-5364 |
| Oakland | 1st Floor | building closed between 5:00 PM and 7:00 AM | more info 510-637-3530 |

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

### DROP BOX FILING PROCEDURES

1.     The drop box, located outside the Clerk's Office (see above chart), is available for the filing of documents before 9:00 a.m. and after 4:00 p.m. weekdays. Please note that access to the federal building is limited to 'normal business hours' (as noted in the chart above).

2.     The drop box may not be used for the filing of any briefs in support of, or in opposition to, any matter scheduled for a hearing within 7 calendar days. All such documents must be filed in the Clerk's Office during regular office hours by the date due.

3.     Using the electronic file stamping machine located next to the drop box, stamp each original document "Received" on the **back side of the last page.** Clerk's Office employees empty the box once each court day when the Clerk's Office opens to the public. The "Filed" date, which will be placed on original documents by Intake personnel, will be the same as the "Received" date, unless the "Received" date is a weekend or Court holiday. In those instances, the "Filed" date will be the first court day following the weekend or holiday. Documents placed in the drop box without a "Received" stamp will be filed as of the day the box is next emptied.

4.     After stamping each original and enclosing one copy for the court,* the documents must be placed in an orange court mailing pouch or red Expando folder provided for your convenience. *To facilitate processing of your documents, each original document should be submitted on top of its copies.* Prior to placing the pouch or folder in the drop box, please insert in the pouch or folder window a fully completed **Drop Box Filing Information Card.** You may use more than one pouch or folder per filing, *but a separate Information Card must be enclosed for each one.*
(*Please note that the Clerk's Office will retain two copies of all new complaints relating to patents, trademarks and copyrights.)

5.     If you wish us to mail you one or more conformed copies that you have provided, you must enclose an appropriately sized, self-addressed, stamped envelope with adequate return postage. Alternatively, if you would like to pick up conformed copies, please mark your return envelope **"FOR MESSENGER PICK UP BY:  (NAME, FIRM) ."** Your copies will be available for pick-up **after 2:00 p.m.** on the day the drop box is emptied.

6.     A filing fee, if required, may be paid by check or money order, payable to "Clerk, U.S. District Court" in an exact amount. *Please do not enclose cash.*

7.     Documents deposited in the drop box must be in compliance with all local and federal rules, as appropriate. Documents filed "Under Seal" must be submitted in compliance with Civil L.R. 79-5.

EXHIBIT 1-29

## SAN FRANCISCO

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initals |
|---|---|---|---|
| Alsup, William H. | WHA | Chen, Edward M. | EMC |
| Breyer, Charles R. | CRB | James, Maria-Elena | MEJ |
| Chesney, Maxine M. | MMC . | Laporte, Elizabeth D. | EDL |
| Conti, Samuel | SC | Larson, James | JL |
| Hamilton, Phyllis J. | PJH | Spero, Joseph C. | JCS |
| Henderson, Thelton E. | TEH | Zimmerman, Bernard | BZ |
| Illston, Susan | SI | | |
| Jenkins, Martin J. | MJJ | | |
| Patel, Marilyn Hall | MHP | | |
| Schwarzer, William W | WWS | | |
| Walker, Vaughn R | VRW | | |
| White, Jeffrey S. | JSW | | |

## SAN JOSE

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initials |
|---|---|---|---|
| Fogel, Jeremy | JF | Lloyd, Howard R. | HRL |
| Ware, James | JW | Seeborg, Richard | RS |
| Whyte, Ronald M. | RMW | Trumbull, Patricia V. | PVT |

## OAKLAND

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initials |
|---|---|---|---|
| Armstrong, Saundra B. | SBA | Brazil, Wayne D. | WDB |
| Jensen, D. Lowell | DLJ | | |
| Wilken, Claudia | CW | | |

EXHIBIT 1-30

LAWYERS



# Davis Wright Tremaine LLP

ANCHORAGE    BELLEVUE    LOS ANGELES    NEW YORK    PORTLAND    SAN FRANCISCO    SEATTLE    SHANGHAI    WASHINGTON, D.C.

JAMES P. WALSH
DIRECT (415) 276-6556
budwalsh@dwt.com

SUITE 800
505 MONTGOMERY STREET
SAN FRANCISCO, CA 94111-6533

TEL (415) 276-6500
FAX (415) 276-6599
www.dwt.com

March 10, 2008

**VIA EMAIL, OVERNIGHT EXPRESS AND HAND DELIVERY**

Dr. Abdullah Alanizi
Alanizi and/or Doe Trust
Al Bouraq Aviation, Inc.
TransAtlantic Aviation, Ltd.
The Belfairs
19 Grove Park Gardens
Chiswick
London W4 3RY
United Kingdom

Re:    Litigation with Jack Hinshaw Relating to the AURORA; Payment of Fees Owed to Davis Wright Tremaine LLP; Dr. Abdullah Alanizi; Al Bouraq Aviation, Inc.; and TransAtlantic Aviation, Ltd.

Dear Dr. Alanizi:

As you know, we have successfully concluded the litigation with Jack Hinshaw with the settlement agreement completed in December 2007. However, you have refused to pay our outstanding invoices for legal fees and costs incurred on your behalf, although you did make one payment of $50,000, paid by funds from TransAtlantic Aviation, Inc. At present, $186,696.98 in legal fees and $7,744.23 in advances costs, plus interest, is owed to our firm for that litigation. Based on the fact that you will not respond to my communications regarding this debt, we presume that you continue to refuse to pay our invoices. Therefore, to recover this debt, we have filed suit in Federal District Court in San Francisco, California against you, Al Bouraq Aviation, Inc., and TransAtlantic Aviation, Ltd. The summons and complaint in this lawsuit is being served on each of you, together with this letter in the appropriate manner under U.S. and U.K. law.

EXHIBIT 1-31

Dr. Abdullah Alanizi
March 10, 2008
Page 2



You have a right under Sections 6200-6206 of the California Business and Professions Code to request arbitration of these fees or costs by an independent, impartial arbitrator or panel of arbitrators through a bar association program created solely to resolve fee disputes between lawyers and clients.

You will LOSE THE RIGHT TO ARBITRATION UNDER THIS PROGRAM if:

1.    YOU DO NOT FILE A WRITTEN APPLICATION FOR ARBITRATION WITH THE BAR ASSOCIATION WITHIN 30 DAYS OF RECEIPT OF THIS NOTICE USING A FORM PROVIDED BY THE LOCAL BAR ASSOCIATION OR STATE BAR OF CALIFORNIA FEE ARBITRATION PROGRAM; OR

2.    YOU RECEIVE THIS NOTICE AND THEN ANSWER THE COMPLAINT WE HAVE FILED IN COURT WITHOUT FIRST HAVING FILED AND SERVED A REQUEST FOR ARBITRATION UNDER THIS PROGRAM; OR

3.    YOU FILE AN ACTION OR PLEADING IN ANY LAWSUIT WHICH SEEKS A COURT DECISION ON THIS DISPUTE OR WHICH SEEKS DAMAGES FOR ANY ALLEGED MALPRACTICE OR PROFESSIONAL MISCONDUCT.

A local fee arbitration program is available at:

San Francisco Bar Association, Fee Arbitration Administrator, 301 Battery Street, 3rd Floor, San Francisco, California 94111, (415) 782-8972.

You may also contact the Mandatory Fee Arbitration Program, State Bar of California, 180 Howard Street, San Francisco, California 94105-1639, (415) 538-2020.

Sincerely,

DAVIS WRIGHT TREMAINE LLP

By    James P. Walsh

cc:    Joe Addiego
David Tattum
Jack Albanese

EXHIBIT I-32

**EXHIBIT 2**

Filed on behalf of the Plaintiff
Affidavit of Susan Garnett
Exhibits "SG2"
Dated

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**                    Case No CV08 1343

RE:

### DAVIS WRIGHT TREMAINE LLP
**Plaintiff**

v

### DR. ABDULLAH ALANIZI, individually and as
trustee for the ALANIZI TRUST and/or DOE TRUST;
**AL BOURAQ AVIATION, INC., a Delaware Corporation,**
**and TRANSATLANTIC AVIATION LTD.,**
**a British Virgin Islands corporation**

**Defendants**

---

### EXHIBIT OF SUSAN GARNETT

---

This is Exhibit "SG2" referred to in the Affidavit of Susan Garnett

**SWORN at**                    )
181 HIGH STREET                )
EPPING                          )
                                )
**this** 20 **day of** MARCH **2008** )   Before me,

A Solicitor empowered to Administer Oaths          LAURA CLEASBY
                                                    ( SOLICITOR )

EXHIBIT 2-1          FOSKETT, MARR, GADSBY & HEAD LLP
                     181 HIGH STREET, EPPING, ESSEX
                     CM16 4BQ  DX 40401 EPPING

AO 398 (12/93)

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO:  (A) _____

as   (B) _____ of (C) <u>TRANSATLANTIC AVIATION, LTD.</u>

      A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court

for the (D) _____ <u>NORTHERN</u> ____ District of _____ <u>CALIFORNIA</u> _____

and has been assigned docket number (E) <u>CV 08 1343 JCS</u> .

      This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) <u>60</u> days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

      If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States.)

      If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

      I affirm that this request is being sent to you on behalf of the plaintiff, this <u>10th</u> day of <u>March</u> , <u>2008</u> .

                         DAVIS WRIGHT TREMAINE LLP_____

                         *Signature of Plaintiff's Attorney*
                         *or Unrepresented Plaintiff*

                         Joseph E. Addiego III

A - Name of individual defendant (or name of officer or agent of corporate defendant)
B - Title, or other relationship of individual t o corporate defendant
C - Name of corporate defendant, if any
D - District
E - Docket number of action
F - Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

EXHIBIT 2-2

AO-398

AO 399 (Rev 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: _____ Joseph E. Addiego III _____
                   (NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, _____ TRANSATLANTIC AVIATION,LTD _____ , acknowledge receipt of your request
                   (DEFENDANT NAME)

that I waive service of summons in the action __Davis Wright Tremaine LLP v. Dr. Alanzi, et al__ ,
                                                        (CAPTION OF ACTION)

of which is case number _____ CV 08 1343 JCS _____ in the United States District Court for the
                                  (DOCKET NUMBER)

_____ Northern ____ District of _____ California _____ .

    I have also received a copy of the complaint in the action, two copies of this instrument, and a means by
which I can return the signed waiver to you without cost to me.

    I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit
by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner
provided by Rule 4.

    I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the
jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the
summons.

    I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an
answer or motion under Rule 12 is not served upon you within 60 days after _____ March 10, 2008 _____ ,
                                                                          (DATE REQUEST WAS SENT)
or within 90 days after that date if the request was sent outside the United States.


_____        _____
        (DATE)                              (SIGNATURE)

                    Printed/Typed Name: _____

                    As _____ of _____
                                (TITLE)                    (CORPORATE DEFENDANT)


**Duty to Avoid Unnecessary Costs of Service of Summons**

    Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons
and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States
to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign
and return the waiver.

    It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought
in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service
of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object
to the jurisdiction of the court or to the place where the action has been brought.

EXHIBIT 2-3

AO-399

AO 399 (Rev. 10/95)

## WAIVER OF SERVICE OF SUMMONS

TO: _____ Joseph E. Addiego III _____
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, _____ TRANSATLANTIC AVIATION, LTD _____ , acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action Davis Wright Tremaine LLP v. Dr. Alanzi, et al ,
(CAPTION OF ACTION)

of which is case number _____ CV 08 1343 JCS _____ in the United States District Court for the
(DOCKET NUMBER)

_____ Northern _____ District of _____ California _____ .

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after _____ March 10, 2008 _____ ,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____                    _____
(DATE)                                              (SIGNATURE)

Printed/Typed Name: _____

As _____ of _____
(TITLE)                    (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

EXHIBIT 2-4

AO-399